# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CR. NO: L-25-1289 |
| | § | |
| ARIANA GUADALUPE GARCIA | § | |

## DEFENDANT'S MOTION AND SUPPORTING MEMORANDUM FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT, ARIANA GUADALUPE GARCIA, by and through her attorneys of record, PHILIP G. GALLAGHER, Federal Public Defender and CHRISTINA ARELLANO VILLARREAL, Assistant Federal Public Defender, and files this Motion and Supporting Memorandum for Disclosure, and in support thereof states the following:

### I.

ARIANA GUADALUPE GARCIA is indicted for violations of 18 USC 111(a)(1) to wit: that on or about July 20, 2025, she knowingly forcibly assaulted, resisted, impeded, intimidated, and interfered with a United States Supervisory Customs and Border Protection Officer and a United States Customs and Border Protection Officer and engaged in acts involving physical contact with each of them.  Ms. Garcia waived arraignment on August 26, 2025. The Pre-Trial Motions deadline was set for September 8, 2025, and Final Pre-Trial Conference was set for October 6, 2025, at 10:00 a.m. On October 1, 2025, a motion for continuance was filed and it was

−1−

granted. A Final Pre-Trial Conference hearing was rescheduled for November 3, 2025. Due to a family emergency, undersigned counsel asked Assistant Federal Public Defender Raul Guerra to make an appearance on her behalf. A short continuance was requested and hearing was scheduled for Wednesday, November 5, 2025. On November 5, 2025, undersigned counsel made trial announcement.

## II.

Defendant makes these requests pursuant to the Fifth, Sixth, and Eight Amendments to the United States Constitution, and moves this Court for an order requiring the government to disclose the following materials under the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963) and Fed. R. Crim. P. 16.

## III.

Defendant requests the entire personnel or internal affairs file of each law enforcement officer/agent maintained by his or her respective agency or any agency that is in charge of maintaining complaints, including, but not limited to, the United States Customs and Border Protection, the Department of Justice, and the Department of Homeland Security, who are either to be called by the government as a witness or who have generated reports or notes in connections with the pending case. Specifically, the Defendant requests the following:

1.   Citizen complaints;

2.   Disciplinary actions;

3.   Internal affairs reports; and

4.    All other written material revealing specific acts of aggressiveness, dishonesty, criminal conduct (charged or uncharged) misconduct, official malfeasance, etc., bearing on their

character for truthfulness and honesty as well as their propensity for illegal behavior beyond the scope of their official duties as a law enforcement officer/agent.

**IV.**

As grounds, counsel states:

1.    The trial and motions hearing of this case may include a "swearing match" between Defendant, a possible witness, and law enforcement officers/agents. A primary role of the Court at the motions hearing and of the jury at trial will be to ascertain the truth and credibility of the law enforcement officers. Recorded statements were taken from each officer, however, there is no video of the alleged assault. The agent's recollections about what was said, and by whom, may become critical at trial. Thus, if the Government witness' testimony may be determinative of the guilt or innocence of the accused, *Brady* requires the disclosure of any evidence bearing on the credibility of that witness. *See United States v. Starusko*, 729 F.2d 256 (3d Cir. 1984), *United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995).

2.    Defendant has a legitimate interest in exculpatory material contained in each officer's personnel file. The officers will be prosecution witnesses. Anything that affects their credibility is potentially exculpatory to the defense. Impeachment evidence that would tend to undermine the credibility of an important government witness falls within the *Brady* rule. *Giglio v. United States*, 405 U.S. 150 (1972). ("When the only prosecution witnesses are the police officers involved, anything that goes to their credibility may be exculpatory."); *Denver Policeman's Protective Ass'n. v. Lichtenstein*, 660 F.2d 432, 436 (10th Cir. 1981). Government has an obligation to look for evidence favorable to the Defense. *Kyles v. Whitley*, 514 U.S. 419 (1995).

3.    The Tenth Circuit has recently underscored the importance of impeachment

–3–

information as *Brady* evidence in *Smith v. Secretary Dept. of Corrections,* 50 F.3d 801, 825 (10th Cir. 1995). "The fact that a particular piece of evidence is probative only for purposes of impeachment is not a defense to a *Brady* claim because 'impeachment evidence merits the same constitutional treatment as exculpatory evidence'." 50 F.3d at 825-26 (Citations omitted).   It is well established that "impeachment is integral to a defendant's constitutional right to cross examination, there exists no pat distinction between impeachment and exculpatory evidence under *Brady*".   *Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th Cir. 1993) (quoting *United States v. Buchanan,* 891 F.2d 1436, 1443 (10th Cir.1989)).

4.   In *United States v. Hitchman,* 609 F.2d 1098 (5th Cir., 1979), a conviction was reversed where the defendant was not allowed to cross-examine a government witness about an internal DEA investigation into allegations that the two agent witnesses gave perjured testimony in an effort to gain a conviction.

5.   Defendant is entitled to disclosure of all requested exculpatory material contained in the law enforcement officers' personnel file. *Denver Policemen's Protective Ass'n; United States v. Jennings*, 960 F. 2d 1488, 1490 (9th Cir. 1992); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), *cert. denied,* 112 S. Ct. 1588 (1992); *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984); *United States v. Garrett*, 542 F.2d 23, 27 (6th Cir., 1976); *United States v. Austin*, 492, F. Supp. 502, 505-06 (N.D. II. 1980).

6.   Defendant requests that, whether disclosed to the Court, to her, or neither, the personnel files be sealed as part of the appellate record in this case.

## V.

Defendant also requests that the Court reserve its right to file additional motions as leads

develop.

## VI.

Defendant requests that an evidentiary hearing be held.

## VII.

## CERTIFICATE OF CONFERENCE

Defendant has conferred with Ann Booth, Assistant United States Attorney, regarding this motion, and she in open court did not express whether she is or is not opposed to this motion.

WHEREFORE, Defendant requests this Court order that the above-requested material be provided to the defense, or, in the alternative, to the Court at least ten (10) days prior to trial in order that Defendant might have an adequate opportunity to investigate the disclosed incidents and call witnesses whose identities are made known by the requested discovery.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By: /s/ Christina Arellano Villarreal
Christina Arellano Villarreal
Assistant Federal Public Defender
Attorney in Charge
Texas State Bar No. 24033419
Southern District of Texas No. 32298
1202 Houston St.
Laredo, Texas 78040
Telephone: 956/753-5313
Fax: 956/753-5317

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of November 2025, a copy of the foregoing Defendant's Motion and Supporting Memorandum for Disclosure was served by Notification of Electronic Filing and by email to Ann Booth, at the office of the Assistant United States Attorney at Laredo, Texas.

/s/ Christina Arellano Villarreal
Christina Arellano Villarreal
Assistant Federal Public Defender